# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HURSEN PATIN | CIVIL ACTION |
| VERSUS | NO. 09-3708 |
| ROBERT TANNER, WARDEN | SECTION "R"(6) |

## TRANSFER ORDER

Petitioner, HURSEN PATIN, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his June 27, 1991 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) Petitioner was denied an insanity defense;

2) The trial court erred in finding that petitioner was competent to proceed with trial;

3) Petitioner was denied effective assistance of counsel with regard to determining his sanity and competency;

4) The Louisiana Fifth Circuit Court of Appeal did not conduct a proper review of petitioner's claims raised on post-conviction relief;

5) Petitioner's consecutive terms of imprisonment were unconstitutional;

6) The trial court failed to comply with the sentencing guidelines; and

> 7) The sentences petitioner received were excessive.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Hursen Patin v. Burl Cain, Warden</u>, Civil Action 98-1858 "R"(6). In that petition, petitioner raised the following grounds for relief:

> 1) He was denied due process when the trial court, upon resentencing, imposed a harsher sentence.

That petition was dismissed on the merits by Judgment entered December 2, 1998. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

> 1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that HURSEN PATIN's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 2nd Day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE